UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FELTON JUNE SEALEY, III, #644503,

        Petitioner,

                                    Case No. 12-14186
v.                                  Honorable Patrick J. Duggan

STEVEN RIVARD,

        Respondent.
_____/

## OPINION AND ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE

**I.**

Michigan prisoner Felton June Sealey III ("Petitioner") has filed a petition for a writ of habeas case pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner is challenging his guilty plea, entered April 10, 2007 in the Circuit Court for Genesee County, Michigan, to second-degree murder in violation of Michigan Compiled Laws § 750.317, four counts of assault with intent to commit murder in violation of Michigan Compiled Laws § 750.83, carrying a concealed weapon in violation of Michigan Compiled Laws § 750.227, and possession of a firearm during the commission of a felony in violation of Michigan Compiled Laws § 750.227b. On June 18, 2007, the trial court sentenced Petitioner to 35 to 70 years imprisonment on the murder conviction, concurrent terms of 23 to 50 years imprisonment on the assault convictions, a concurrent term of two to five years imprisonment on the

concealed weapon conviction,[1] and a consecutive term of two years imprisonment on the felony firearm conviction. In his petition for habeas relief, Petitioner raises claims concerning the effectiveness of trial and appellate counsel, the desire to withdraw his plea, and the factual basis for his plea. The matter presently is before the Court on Petitioner's motion to hold his habeas petition in abeyance so that he may return to the state courts and exhaust his ineffective assistance of counsel issues, as well as jurisdictional issues. For the reasons stated, the Court denies without prejudice Petitioner's motion.

## II.

Following his guilty plea and sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied for lack of merit in the grounds presented. *People v. Sealey*, No. 285816 (Mich. Ct. App. July 10, 2008) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Sealey*, 482 Mich. 1036, 757 N.W.2d 86 (Oct. 27, 2008).

On July 16, 2009, Petitioner filed a motion for relief from judgment with the state trial court, which was denied on January 7, 2010. Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied "for failure to

---

[1]Petitioner was discharged from the concealed weapon sentence on July 6, 2011. *See* Offender Profile, Michigan Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=644503.

meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Sealey*, No. 301997 (Mich. Ct. App. Aug. 17, 2011) (unpublished). He then filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Sealey*, 491 Mich. 885, 809 N.W.2d 574 (March 26, 2012).[2]

Petitioner dated his federal habeas pleadings on August 21, 2012, and those materials were filed with the Court on September 20, 2012. Respondent has not yet filed an answer to the petition or the state court record. Those materials are due April 26, 2013.

### III.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v.*

---

[2]The materials submitted by Petitioner do not indicate what claims he presented to the state courts in his post-conviction proceedings.

*Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal court may stay a habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition containing unexhausted claims would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 1535 (2005).

Petitioner has not set forth sufficient information in his motion or petition for this Court to conclude that the "stay and abeyance" procedure is warranted. Petitioner expresses his belief that Respondent will contend that he has not properly exhausted some of his claims in the state courts; however, he has not clearly specified which claims are exhausted, if any, and which claims are unexhausted. Moreover, Petitioner has neither alleged nor established that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a concern. Further, while there is no evidence of intentional delay, Petitioner has not shown good cause for failing to fully exhaust all of

his issues in the state courts before seeking federal habeas relief. Lastly, given that Petitioner has already filed a motion for relief from judgment in the state courts, he may no longer have an available state court remedy by which to exhaust his claims.

**IV.**

Accordingly, the Court is **DENYING WITHOUT PREJUDICE** Petitioner's motion to hold his habeas petition in abeyance. This denial is without prejudice to Petitioner filing a more detailed motion seeking a stay and abeyance. Alternatively, if Petitioner wishes to have the Court dismiss the present petition so that he may fully exhaust his issues and/or pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of his petition within 30 days of the filing date of this order. The Court otherwise will await Respondent's answer and proceed on the claims contained in the pending petition.

**SO ORDERED**.

Dated: November 9, 2012                    s/PATRICK J. DUGGAN
                                           UNITED STATES DISTRICT JUDGE

Copies to:
Felton Sealey, #644503
St. Louis Correctional Facility
8585 N. Croswell Road
St. Louis, MI 48880

AAG Laura Moody